IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRELL DENEANE WHITE,

    Plaintiff,

v.

KIMBERLY M. DAVIS, et al.,

    Defendants.

Civil Action No.:  JRR-24-1706

**MEMORANDUM OPINION**

Plaintiff Sherrell Deneane White filed this action on June 12, 2024, accompanied by a Motion for Leave to Proceed in Forma Pauperis.  (ECF Nos. 1, 2.)  Plaintiff White names as Defendants: District Court of Baltimore County Judges Kimberly M. Davis and Leo Ryan, Jr. (together, the "judicial Defendants"), and Maryland State Police Officer A. Wallace.  By separate order the court grants the Motion for Leave to Proceed in Forma Pauperis; and, for the reasons set forth herein, the complaint at ECF No. 1 shall be dismissed.

Plaintiff White's complaint verges on unintelligible.  As best the court is able to discern: Plaintiff White complains that on December 29, 2023, she was pulled over in a traffic stop by Defendant White, who "demanded that [Plaintiff] consent to some tests" after which he put Plaintiff in his vehicle and "hauled [her] to a venue (precinct) where [she] was then forced to surrender more of [her] private property and private information."  Plaintiff White further alleges she visited the District Court where the judicial Defendants preside, a bench warrant was issued for her failure to appear (or she was advised such a warrant would be issued); Defendant Wallace and members of the public demanded and wrested property from her, assaulted her in open court, and she was subject to false arrest.  *Id*.  Plaintiff White contends further that Defendant Wallace

dragged her "out of the venue because [she] did not consent to being a state created legal person as indicated on the summons instrument."

Plaintiff White sets forth a fantastical constellation of allegations, including theft of her property, sexual assault, and theft of her "Biometric property," which the court understands to refer to fingerprints. Plaintiff White was later presented to a Commissioner for inquiry to determine if she presented a danger (presumably to herself and/or others). Plaintiff's property was returned to her and she was released with "an invitation" to return to court. Subsequently, Plaintiff White forwarded documents to the state court, including her "UCC proof of claim." Plaintiff alleges that on her return to court on April 17, 2023, she advised the state's attorney and presiding judge that she (Plaintiff) was the authorized representative of the Estate of Sherelle White. Plaintiff alleges again that the judge issued a bench warrant for her failure to appear. Plaintiff White demands compensatory damages and injunctive relief in the form of revocation of the judicial Defendants' law licenses and termination of Defendant Walton's employment.

Pursuant to 28 U.S.C. § 1915, the court "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Although a self-represented party's complaint must be construed liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), a *pro se* plaintiff still carries "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff White alleges no plausible facts to support any cause of action she may intend to maintain against Defendants. Plaintiff maintains that her status as a "sovereign citizen" renders her entitled to violate state laws free from consequence. The basis of Plaintiff White's demand for relief has been soundly rejected:

> "Adherents to the 'sovereign citizen' theory 'believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Cruel-El v. South Carolina*, No. 6:18-cv-1680-HMH-JDA, 2018 WL 3628844, at *3 (D.S.C. July 10, 2018) (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)). Such arguments are baseless, as numerous courts have held, and should be rejected summarily. *Id*. (collecting cases).

*Anderson v. Seat Pleasant Police Dep't*, No. CV DLB-22-1542, 2023 WL 5509167, at *6 (D. Md. Aug. 25, 2023); *Coleman v. Calvert Co.*, No. GJH-15-0920, 2018 WL 1187561, (D. Md. 2018) (dismissing action county sheriff department where refusal to provide valid identification was based on sovereign citizen beliefs). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

With respect to the judicial Defendants, Plaintiff's allegations fall squarely within the protections of judicial immunity. Judicial immunity shields judges from claims for damages in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (*per curiam*); *Cochran v. Mahoney*, No. 21-CV-2313, 2021 WL 4503065, at *1 (D. Md. Sept. 29, 2021); *see also Westfall v. Tichnell*, No. 20-CV-271, 2021 WL 2434432, at *3 (D. Md. June 15, 2021); *Miller v. Purpura*, No. 21-CV-3206, 2022 WL 3083440, at *1 (D. Md. Aug. 3, 2022).

Judicial immunity is absolute; when it applies, it does not merely protect judges from damages but protects them from such suits entirely. *Mireles*, 502 U.S. at 11; *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023). Absolute immunity is designed to protect the judicial process, *see Forrester v. White*, 484 U.S. 219, 226–27 (1988), and thus it protects the judicial acts judges undertake as part of their public service. *Gibson*, 85 F.4th at 223. Judicial immunity applies to official duties and functions "normally performed by a judge" when the parties dealt with the judge in a "judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). If a litigant does not agree with a court decision, the appropriate recourse is to appeal, not to sue the presiding judge. *See, e.g.*, *Dinkins v. Moon*, No. 22-CV-73, 2023 WL 2564006, at *1 (W.D. Va. Mar. 17, 2023).

  Accordingly, by separate order, the complaint is dismissed because it is frivolous, fails to state a claim on which relief may be granted, and, with respect to the judicial Defendants, on grounds of immunity.

August 14, 2024                  /S/

                       _____
                       Julie R. Rubin
                       United States District Judge